

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2008

# Pressley v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4150

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pressley v. Beard" (2008). *2008 Decisions*. Paper 1523.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1523

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-125**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4150

SEAN PRESSLEY,

Appellant

v.

SUPT. J. BEARD, Commissioner; M. HORN, Commissioner; S. BURKS, Former Chief
Grievance Coordinator; MR. T. JAMES, Former Chief Grievance Coordinator; ACTING
SUPT. KYLER, Acting Chief Grievance Coordinator; R. BITNER, Chief H/E; REISING,
Acting Chief H/E; T. GENT, West Region Para.; C. MARAVICH, Atty. Gen.; M.
MILLS-DAVIS, Asst. Counsel; W. STICKMAN, Superintendent; C. BLAINE, JR.,
Former Superintendent; J. MILLER, Deputy; STOWITZKY, Admin., T. JACKSON,
Deputy Superintendent; D. DAVIS, Admin. Assistant; S. D'ELETTO, Grievance
Coordinator; D. GRAINEY, Captain; J. MARTIN, Captain; W. LEGGETT, Lieutenant;
LT. REED, Lieutenant; GAMBARVIC, Lieutenant; COUNSELOR ODDO, Lieutenant;
C.O.I. MARTIN, Lieutenant; MAYO, Lieutenant; MRS. STEWART; JULLIAN.,
Sergeant; SAGER, Sergeant; LIPSCOMB, Sergeant; MITCHELL, Sergeant; MAJOR
STEWART, Sergeant; BERTHELOTTE; KIRBY, Sergeant; LOHR, Sergeant; JOHN
DOE #1, Sergeant; HASSETT, Major; D. GREEHRING, Mail Superintendent; J.
SCOTT, Business Manager; M. SMOLDER, Business Manager; C. MORELL, Corr.
Prin.; M. KELLY, Former Coor. Prin.; D. SOCHKO, Former Acting Coordinator Prin.;
C. TURNER, Lid.; SEBEK, Assistant. Lid.; RAMBLER, Coor. Officer; MANSBERRY,
Coor. Officer; UNKNOWN MAIL INSPECTORS; D. KELCHNER, Superintendent; J.
PALAKOVICH, Deputy Superintendent; PATTON, Deputy; ASST. DPTY
SECRETARY BRANNIGAN, Deputy Superintendent; I. TAGGART, Superintendent
Assistant; GARRETT, Major; R. MARSH, Unit Manager; B. STEIGERWALT, Former
Unit Manager; RHODES, Lieutenant; KRIEGHTER, Sergeant; WIELDER, Sergeant;
C.O. HUBER, Corrections Officer; CORRECTIONS OFFICER 8; MR. STUBBS; #2
JOHN DOE, Corrections Officer; J. MINAYA, Coor. Prin.; L. ZHONG, Officer Lib.; R.
GAMBLE, Business Manager; B. HARRIS, Mail Super; #3 JOHN DOES, Corrections
Officer; JOHN DOE #4, Corrections Officer; JOHN DOES #5, Corrections Officer

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02535)
District Judge: Honorable Edwin M. Kosik

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 7, 2008

Before:  AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Filed: February 26, 2008)

OPINION

PER CURIAM

This is an appeal from the District Court's grant of summary judgment.  For the following reasons, we will summarily affirm.  <u>See</u> 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.

Sean Pressley, a state prisoner currently incarcerated in the State Correctional Institution at Mahanoy, filed a civil rights action in the District Court pursuant to 42 U.S.C. § 1983.  Pressley made numerous allegations accusing prison officials at State Correctional Institution-Camp Hill, where he was previously incarcerated, of preventing him from accessing the courts, hindering the free exercise of his religious beliefs, and retaliating against him for filing lawsuits.  The claims span the time period from June 2000 until the filing of the complaint in 2004.  On September 26, 2005, pursuant to its

2

screening authority under 28 U.S.C. § 1915(e)(2)(B), the District Court entered an order dismissing sixteen of the sixty named defendants. On September 26, 2007, based largely on Pressley's deposition and the affidavits of prison officials, the District Court granted the remaining defendants' motion for summary judgment and dismissed the case as to all parties.

We will exercise plenary review over the District Court's dismissal of Pressley's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Tourscher v. McCullough 184 F.3d 236, 240 (3d Cir. 1999). We also exercise plenary review over the District Court's grant of Appellee's motion for summary judgment. See Whitfield v. Radian Guar., Inc., 501 F.3d 262, 265 (3d Cir. 2007). We apply the same standard in reviewing a motion for summary judgment as the District Court. Id. A motion for summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Several named defendants, such as the Secretaries of the Department of Corrections or Superintendents, were named only for their supervisory roles in the prison system. The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)

3

(state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause). In addition, the District Court properly dismissed any individuals named in the caption but not named in the complaint. Pressley did not allege that these defendants personally violated his civil rights.

We also find that Pressley's claims against the remaining defendants did not raise any genuine issues of material fact. Pressley contended that, on several occasions, prison officials refused to honor his request for legal materials from the prison law library, confiscated legal materials in his possession, and denied him the ability to possess boxes of legal materials in his cell. Further, Pressley accused prison officials of opening legal correspondence outside his presence, refusing to provide him with postage, and refusing to notarize his legal documents. As a result of the prison officials' actions, Pressley claimed that he missed deadlines in various cases he has pending in federal court.

For the reasons substantially given by the District Court, Pressley failed on summary judgment to show any "actual injury" resulting from the alleged denial of his right to court access. See Lewis v. Casey, 518 U.S. 343, 353 n.3 (1996). Pressley, in his deposition, could not point to any missed deadlines that resulted in a "loss or rejection of a legal claim." See Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). The District Court properly disregarded Pressley's attempts to contradict his deposition in his opposition to the summary judgment motion. See Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 (3d Cir. 1988) (permissible for a district court to disregard contradictory affidavit for purposes of whether there is a material dispute of

4

fact). Also, Pressley failed to present evidence that he was injured by the Defendants as to his filings in Pressley v. Horn, C.A. No. 04-2150 (3d Cir. 2006). Specifically, Pressley did not point to any particular deadline missed or any prejudice he suffered as a result of the prison officials' alleged actions. See, e.g., Pennsylvania Prison Soc. v. Cortes, 508 F.3d 156, 161 (3d Cir. 2007) (in response to a summary judgment motion plaintiff must set forth specific facts supported by affidavit or other evidence).

Pressley's claim that prison officials and regulations frustrated the free exercise of his religion is also unpersuasive. Pressley, a Muslim, accused prison officials of confiscating his hard-bound Koran, prayer rug, and kufi which frustrated the free exercise of his religion. The confiscation of Pressley's hard-bound religious materials and prayer rug was intended to further "legitimate penological objectives." Turner v. Safley, 482 U.S. 78, 87 (1987). When the free exercise claim arose, Pressley was subject to heightened security restrictions due to his placement in the Special Management Unit at SCI-Camp Hill. See Sutton v. Rasheed, 323 F.3d 236, 240-42 (3d Cir. 2003) (describing the history and special penological purpose of the SMU at Camp Hill). According to the affidavit of Richard Southers, a Unit Manager of the SMU, a hard-bound book could be disassembled to make a weapon and the rug could be used to conceal contraband and/or weapons. Further, the Islamic Chaplain at SCI-Camp Hill stated that other Muslims confined in the SMU are able to practice their faith without access to a prayer rug or a hard-bound copy of the Koran and inmates are allowed to wear kufis. The only evidence offered by Pressley to rebut the affidavits were proposed alternative prison policies and

5

not evidence indicating that he could not practice his faith without hard-bound volumes and/or prayer rugs; therefore, summary judgment was also properly granted on this issue. See Arnold Pontiac-GMC, Inc. v. General Motors Corp., 786 F.2d 564, 581 (3d Cir. 1986) (in reviewing grant of summary judgment, appellate court cannot ignore uncontested facts that render inferences unreasonable). The District Court also did not err in concluding that the costs of Pressley's proposed alternative restrictions, such as passing out prayer rugs five times a day, would impose a burden on the prison and could potentially expose the staff to additional risks.

Finally, for the reasons given by the District Court, there is no genuine issue of material fact regarding Pressley's retaliation claims. Pressley asserted that a correctional officer failed to notarize one of his documents and another officer confiscated legal materials from his cell, both in retaliation for complaints he filed. The record reveals, however, that the document was not notarized because prison officials felt that no notary seal was necessary and in his deposition testimony Pressley admits that the documents were eventually notarized. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (in order to prove a prima facie case of retaliation prisoner must show causal link between the exercise of constitutional rights and adverse action taken against him). Further, the legal materials were confiscated because generally applicable prison regulations provide that an inmate is not permitted to retain excess photocopies and reference material in his cell. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002) (retaliation claim fails if adverse action is reasonably related to a legitimate penological interest).

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court's order. See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.